**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2169
_____

GERALD EDWARDS,
                                Appellant

v.

COLEEN CHRISTIAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00398)
District Judge:  Honorable Joshua D. Wolson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2024
Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 11, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gerald Edwards appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania that sua sponte dismissed his complaint for failure to state a plausible claim for relief. We will affirm.

Edwards filed a complaint against Coleen Christian, the Prothonotary of the Bucks County Court of Common Pleas, vaguely alleging that she failed to "act on" his lawsuits.[1] The District Court dismissed the complaint without prejudice, explaining that "Edwards has not explained what, specifically, Ms. Christian did or did not do, or what she was obligated to do but did not do, that could have resulted in a due process violation." Edwards v. Christian, No. 2:24-cv-00398-JDW, 2024 WL 1517492, at *3 (E.D. Pa. Apr. 8, 2024). The District Court granted Edwards leave to amend, instructing him to "state the basis for [his] claims against each defendant[,]" to not "rely on the initial complaint or other papers filed in this case to state a claim[,]" and to "be mindful of the Court's reasons for dismissing the claims in his initial complaint . . . ." (ECF 7, at 1.)

Edwards filed an amended complaint against Christian, to which he attached numerous exhibits. The District Court dismissed the amended complaint with prejudice for failure to state a claim. Edwards v. Christian, No. 2:24-cv-0398-JDW, 2024 WL 2747968, at *3 (E.D. Pa. May 29, 2024). The District Court found it "hard to make heads

---

[1] The complaint refers to two state court cases that Edwards filed against John and Betty Dougherty pertaining to a property dispute. Edwards attached a copy of the docket for the first case, which began in September 2019 and was terminated in 2022. According to publicly available records, Edwards filed another case against Betty Dougherty in May 2023.

2

or tails of" the amended complaint, which was "less clear than [Edwards'] initial [c]omplaint and relies even more heavily on exhibits." Id. at *1-2. Even though the District Court afforded the amended complaint "the most liberal interpretation possible," it found that "[d]ue to the disorganized way Mr. Edwards has presented his allegations and the unexplained exhibits, it is unclear which specific cases or proceedings underlie his federal claims and what happened during those state court proceedings that gives rise to a claim against Ms. Christian." Id. at *3. To the extent that Edwards sought to pursue claims based on property code violations and his five-day incarceration in Bucks County, the District Court held that he was barred from doing so by a filing injunction entered in a previous case. Id. Because Edwards "has had two chan[c]es to tell his tale . . . but hasn't done so," the District Court concluded that it would be futile for Edwards to amend his pleading again. Id. Edwards timely appealed.[2]

The District Court did not err in dismissing the complaint for failure to state a claim. See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true," to show that its claims are facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although we must liberally construe pro se litigants' pleadings, Rivera v. Monko, 37 F.4th 909, 914 (3d Cir. 2022), such litigants "still must allege sufficient facts in their complaint to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that Edwards' amended complaint, even construed liberally, did not state a plausible claim for relief. In the "Facts" section of the amended complaint, which was filed using the District Court's general complaint form, Edwards wrote, "trespass on property with a fence to lay claim to it & then 2nd time. Then filed charges against me and took a court action at Buck[s] Cty Court and also put me in jail." (Id. at 54.) He further asserted that his "1st suit[] at Coleen Christian['s] office was ignored." (Id.) Edwards also wrote that he "file[d] a [second] suit[] and again was ignored." (Id.) Referring to a "5th and 14th amendment violation of constitutionality," Edwards stated that "as a result[] of 2 filed suit[s] I'm filing at the . . . District Court for relief." The relief Edwards sought was $250,000 for each of the "ignored" lawsuits. (Id. at 30, 54.) Edwards also submitted a self-prepared amended complaint, in which he alleged that Christian "can not even conduct the business of the Prothonotary office" and "will not file an[d] proceed with my law suit[] on the Dougherty's." (Id. at 2, 5.) He attached to his amended complaint dockets and documents related to state court cases, copies of federal laws and summaries of federal cases and constitutional amendments, and material related to the property dispute.

Edwards' vague, undeveloped assertions that Christian "ignored" his lawsuits and poorly ran the Prothonotary's office do not provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); cf. Iqbal, 556 U.S. at 678 (indicating that a pleading that merely "tenders naked assertion[s] devoid of further factual enhancement" cannot survive a motion to dismiss (alteration in original) (internal quotation marks omitted)). To the extent that Edwards sought to blame

4

Christian for failing to file the two lawsuits identified in his amended complaint, his allegations are belied by his own submissions in the District Court and by publicly available records, which indicate that those lawsuits were entered on the Court of Common Pleas' docket. See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007) (recognizing that courts may take judicial notice of matters of public record, including judicial proceedings). We also note that state court prothonotaries are entitled to quasi-judicial immunity for claims relating to their handling of filings at the court's direction. See Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 772 (3d Cir. 2000). Moreover, it was not enough for Edwards to merely refer to a "5th and 14th amendment violation." See Iqbal, 556 U.S. at 678.

As noted above, Edwards attached to his amended complaint numerous exhibits. But he did not explain how any of that material relates to his putative claims, and a District Court is not obligated to discern claims from exhibits attached to a complaint. Cf. DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record."). We further agree that providing Edwards with leave to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); cf. Vorchheimer v. Philadelphian Owners Assoc., 903 F.3d 100, 113 (3d Cir. 2018) (concluding that amendment would be futile where the plaintiff-appellant "had already amended her complaint once and did not move to amend again or suggest what she might add"). Finally, Edwards has forfeited any challenge to the District Court's invocation of the previously-entered filing injunction by failing to raise that issue in his

opening brief.  See Kars 4 Kids Inc. v. Am. Can!, 98 F.4th 436, 452 (3d Cir. 2024)

("[A]rguments not raised in a party's opening brief are generally deemed forfeited.")

For the foregoing reasons, we will affirm the judgment of the District Court.